**WYSE, d. b. a. WYSE ADVERTISING COMPANY, Plaintiff-Appellee, v. REFRIGERATION SALES CORPORATION, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23313. Decided March 1, 1955.

Herbert S. Bialosky, Cleveland, for plaintiff-appellee.
Merkel, Campbell, Dill & Clarke, Cleveland, for defendant-appellant.

(DOYLE, PJ, HUNSICKER, J, of Ninth District; MIDDLETON, J, of the Third District sitting by designation.)

## OPINION

By HUNSICKER, J:

In this appeal on questions of law from the Mnicipal Court of the City of Cleveland, Ohio, the defendant appellant, Refrigeration Sales Corporation, appeals from a verdict of the jury and the judgment awarded thereon.

The plaintiff appellee, Marc Wyse, the sole proprietor of Wyse Advertising, says that he entered into an oral contract with Refrigeration Sales Corporation to promote and advertise in certain media of publicity, a so-called "Norge Thrift Plan", which was being sponsored by the appellant, a distributor of Norge Household Appliances.

The appellant, Refrigeration Sales Corporation, by way of answer, admitted that Marc Wyse,

"arranged and contracted for advertising time" to promote certain Norge products, but that he did so in behalf of two "dealers" in Norge products. The appellant further,

"emphatically denies that it entered into any contract * * *" with Marc Wyse "* * * or was obligated or responsible to" Marc Wyse, "* * * in any respect or particular whatsoever."

The appellant further alleges that the admitted "radio and television programs were undertaken by two 'dealers' pursuant to the Norge dealer cooperative advertising plan" and that neither Refrigeration Sales Corporation, nor Norge,

"entered into any contractual agreements, either actual or implied, with plaintiff that pertained to the subject matter of this law suit."

The reply of Marc Wyse denied that the radio and television programs "were undertaken by two 'dealers' pursuant to the 'Norge Dealer Cooperative' advertising plan * * *."

Refrigeration Sales Corporation says that the judgment "* * * is erroneous and against the just rights of appellant in each of the following respects:"

"1. The court erred in overruling defendant's motion for a directed verdict at the close of all the evidence.

"2. The verdict of the jury is not sustained by sufficient evidence and is contrary to law.

"3. The judgment is against the manifest weight of the evidence.

"4. The court erred in his general instructions to the jury.

"5. Other errors appearing on the face of the record."

The testimony at the trial developed at great length around the type of advertising procedure known as a dealer cooperative plan. The appellant insisted that at all times Marc Wyse knew that whatever advertising service he was to render was for the dealer and not for Refrigeration Sales Corporation. Marc Wyse was equally as insistent that his oral arrangement was with the appellant, that he looked to the appellant for his payment since he had done work for them as an advertising agency on many previous occasions. He further testified that his orders for the advertising herein came from the manager of the appellant, and that all bills were first sent to Refrigeration Sales Corporation, and then, at their request, the account was billed separately to the "dealers".

Notwithstanding all of the testimony concerning the advertising business, the issue was very simple and the question is: Did Marc Wyse enter into a contract with Refrigeration Sales Corporation for the advertising service that was admittedly rendered? On this point there is a great conflict in the evidence. Marc Wyse said he did; Refrigeration Sales Corporation says that he did not. The jury found for Marc Wyse.

The contract was oral, the request to render service was in express terms; but it was for service in an undetermined quantity and consequently was for an indefinite sum. There was then an assent by Wyse when he proceeded to perform the service requested. Such a contract is much like one where a merchant receives a request from a former customer to send to such customer's house a named article of merchandise. When the article is delivered there arises an implied promise to pay for it. See **Columbus, Hocking Valley and Toledo Railway Co. v. Gaffney, 65 Oh St 104.**

Refrigeration Sales Corporation in their answer to the petition, admit that Marc Wyse did the quantity of advertising work alleged in such petition, and they did not say that the amount sued for was improper or excessive. There was only a small amount of testimony relative to the reasonableness of the charge as made by Wyse, but it was competent and hence was properly submitted to the jury.

"It may stand generally that an express contract for services rendered, without definite arrangements as to the compensation therefor, does not preclude the bringing of an action on a quantum meruit. If the contract does not stipulate as to the amount of compensation, the law implies that the promisor is to pay the reasonable value thereof. * * *."

**42 O. Jur.,** Work, Labor, etc. **Sec. 28** at **p. 511** and authorities there cited.

See, also, 58 Am. Jur. Work & Labor, Sec. 39, at page 542.

We consequently determine that it was proper for the trial court to overrule the defendant appellant's motion for a directed verdict and submit the issue to the jury.

Refrigeration Sales Corporation says that the trial court erred in his charge to the jury. Our examination of this charge shows that the appellant was granted its request to charge before oral argument. At the conclusion of the charge, the trial judge asked counsel if there was "* * * any discussion on the part of either one of you?" and the answer indicated that no further request for additional instructions or amplification of those given were desired; whereupon the trial judge said, "All right, you can both have your exceptions to the charge."

With respect to errors of omission and commission in a charge to the jury, the Supreme Court of Ohio, in the case of **Rhoades v. City of Cleveland, 157 Oh St 107,** said:

"Where claimed errors in the charge of the court are errors of omission and not errors of commission, unless counsel has requested the court to supply the omissions, such errors of omission will not ordinarily justify a reversal."

Although the charge is not as the members of this court would present it to a jury, yet it covered the issues to be presented, and since there

was no request to amplfy the instructions or give additional instructions, and we find no errors of commission, we are required to say that the charge as given did not constitute prejudicial error.

We have examined all of the claimed errors, and finding none prejudicial to the substantial rights of the appellant, the judgment is affirmed.

Exceptions noted. Order see journal.

DOYLE, PJ, MIDDLETON, J, concur.